### STONE-ORDEAN-WELLS CO. v. HANSFORD.

(Circuit Court of Appeals, Ninth Circuit. May 11, 1914.)

MASTER AND SERVANT (§§ 293, 295*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY—INSTRUCTIONS.

Plaintiff, in defendant's employ in its wholesale grocery store, while standing on a large platform, nine feet above the floor, handing down goods, stepped upon a board which had been put up along one side of the platform and nearly on a level with it as a shelf for light articles, and the breaking of the board caused his fall and injury. Held, in an action for the injury, that the instructions given properly submitted to the jury the questions of defendant's negligence in failing to provide stronger support for the shelf, or to guard it by a railing on the edge of the platform, and of plaintiff's assumption of the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1148–1156, 1158–1160, 1168–1179; Dec. Dig. §§ 293, 295.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action at law by William A. Hansford against the Stone-Ordean-Wells Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 201 Fed. 185.

J. H. Johnston, of Billings, Mont., and Gunn, Rasch & Hall, of Helena, Mont., for plaintiff in error.

Nichols & Wilson, of Billings, Mont., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and DIETRICH, District Judge.

DIETRICH, District Judge. William A. Hansford, the plaintiff, had judgment in the lower court against Stone-Ordean-Wells Company, the defendant, for $5,000, on account of a personal injury received by him while in its employ. In substance his testimony is that he is 30 years old, and that he makes his living by manual labor in various lines; that the defendant is engaged in the wholesale grocery business at Billings, Mont., and that on June 1, 1912, he entered its employ, with duties relating to the receipt and shipment of merchandise. When goods came in he stacked them in an orderly manner upon the floor, and if there were consignments to go out it was his business to wheel them upon the platform. This work took him to vari-

ous places in the building in which the defendant carried on its business. In this building there were three floors, and upon the first floor was a platform approximately 20 by 30 feet, at an elevation of about 8 or 9 feet above the floor, upon which were stored certain classes of merchandise. It was reached by a ladder. A board about 10 inches wide and from 10 to 12 feet in length, resting upon two cleats, one at either end, extended along one side of the platform, but on a level about 3 or 4 inches below the level of the platform floor. It appears from the testimony offered on behalf of the defendant that this board had been put in the position described as a sort of a shelf for spices and other light articles of merchandise, but at the time of the accident apparently nothing at all was upon it.

On the afternoon of June 21, 1912, an order for some empty coffee cans was to be filled, and for the purpose of making the shipment the plaintiff went upon the platform and began to hand down the cans to the shipping clerk, who was standing below and upon the side where this board was placed. After he had handed down two or three of the cans, and while in the act of handing down another, apparently he stepped on the board, it broke, and he was precipitated to the floor. There was no railing to prevent him from stepping upon the board, and he alleges that the defendant was negligent, in that it failed to provide a suitable railing, and, further, in that it failed to provide sufficient support for the board. Generally speaking, the defendant's defense was that the board was not intended to be, and was not, a part of the platform, and that in accepting employment the plaintiff must be deemed to have assumed the risk.

The plaintiff, though admitting that he had been upon the platform a large number of times, denied that he had ever noticed, or that he was aware, that the board was lower than the platform, or was not a part thereof, or that it was not sufficiently supported to sustain his weight. There are some circumstances tending to sustain a contrary view, and the plaintiff's own testimony as to the precise manner in which the accident occurred is not entirely satisfactory; but upon the whole it is clear that the jury were warranted in accepting the plaintiff's statement, and in concluding that he stepped upon the board without knowledge of the fact that it was not a part of the platform and was not substantially supported. There is no question that the board broke, and that he fell and was injured.

The plaintiff's right to recover is controlled by general principles of law so familiar that it is unnecessary even to state them. The only question arises in their application. No complaint is made touching the rulings of the court in the admission of testimony, and while in form there are four assignments of error, when analyzed they really involve but one general question, namely, the correctness of the following instructions, which are the only ones to which exceptions were taken:

"It would appear, from the facts in evidence here, that the defendant's servants placed the board that finally broke, where it was placed, for the purpose of a shelf only. The evidence is such that you could not come to any other reasonable conclusion; but that is not conclusive that the plaintiff would not be entitled to recover, even though he may use that shelf as a standing place. It is for you to determine whether, under all the circumstances, considering

the situation of the elevated platform 'and this shelf, placed as it was, of the uses to which the platform was placed and the manner in which merchandise was taken down therefrom—it is for you to say whether the defendant ought to have known that this shelf might have been used as a stepping place by its servants when taking down merchandise from the platform to the floor below. Should the defendant have reasonably anticipated that in handing down merchandise its employés were likely to step on the board—if the defendant ought to have known that the board was likely .to be so used? If it should reasonably have anticipated that its servants were likely, in handing down merchandise, to make use of this shelf as a stepping place, then it would be held to the same duty to exercise ordinary care to make it reasonably safe for a stepping place, even as though it had originally erected it for that purpose.  *  *  *

"But if you find that with the shelf in the position as it was, and that the master or defendant ought to have anticipated the likelihood of this shelf being used as a stepping place, if you should thus find—further find that in order to avoid and prevent the employés using this shelf as a step, the exercise of ordinary care·required the master to place a railing at that point, then you will find that the absence of the railing was. negligence, and if it contributed to the injury of the plaintiff or caused his injury, then you would find that the plaintiff was entitled to recover."

This we think is a correct statement of the law, and upon the whole the instructions to the jury were full, fair, and discriminating. The issues submitted were eminently questions for the jury, and their finding should not be disturbed.

The judgment will be affirmed, with costs to defendant in error.